Guartazaca v. Garland

BIA
Wright, IJ
A088 440 840

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 23rd day of February, two thousand twenty-two.

PRESENT:
> **DENNIS JACOBS,**
> **GUIDO CALABRESI,**
> **RICHARD J. SULLIVAN,**
> *Circuit Judges.*

_____

**CARLOS GUARTAZACA, AKA CARLOS UMBENO GUARTAZA QUINONES,**
> *Petitioner,*

> **v.**                                                                19-4040
>                                                                       NAC

**MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,**
> *Respondent.*

_____

**FOR PETITIONER:**     Edgar L. Fankbonner, New York, NY.

**FOR RESPONDENT:**     Jeffrey Bossert Clark, Acting Assistant
Attorney General;   Stephen J. Flynn,
Assistant Director; Lynda A. Do, Trial
Attorney, Office of Immigration Litigation,
United States Department of Justice,
Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Carlos Guartazaca, a native and citizen of Ecuador, seeks review of a November 7, 2019 decision of the BIA affirming a March 14, 2018 decision of an Immigration Judge ("IJ") denying withholding of removal and relief under the Convention Against Torture ("CAT").  *In re Carlos Guartazaca*, No. A 088 440 840 (B.I.A. Nov. 7, 2019), *aff'g* No. A 088 440 840 (Immig. Ct. N.Y. City Mar. 14, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed the IJ's decision as modified and supplemented by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005).  We review the agency's

2

factual findings for substantial evidence, and we review questions of law de novo. *See Paloka v. Holder*, 762 F.3d 191, 195 (2d Cir. 2014).

An applicant for withholding of removal must show that his "life or freedom would be threatened in th[e] country [of removal] because of . . . race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1231(b)(3)(A). We find no error in the agency's conclusion that Guartazaca failed to show a nexus between the motives of his alleged attackers and his membership in his proposed social group of adolescent males taking on patriarchal roles in their families. *See Paloka*, 762 F.3d at 195 ("Whether the requisite nexus exists depends on the views and motives of the persecutor." (citation and quotation marks omitted)); *see also INS v. Elias-Zacarias*, 502 U.S. 478, 483 (1992) (requiring "*some* evidence" of motive, "direct or circumstantial").

Guartazaca argues that the gangs targeted him because of his status as an adolescent male who was acting as the financial head of the family or had a patriarchal role. But he testified that the central motivation for the gangs in extorting people was money and acknowledged that they indiscriminately targeted the entire community. Although there may be "more than one motive for mistreatment," Guartazaca offered no evidence to show that the gang targeted him because of his status in his family as opposed to a desire for monetary gain or

3

to increase its ranks. *Acharya v. Holder*, 761 F.3d 289, 297 (2d Cir. 2014) (citation omitted); *see also Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 74 (2d Cir. 2007) ("[H]arm motivated purely by wealth is not persecution."). And although Guartazaca alleged that crime was ubiquitous in his home village, "general crime conditions" are not a basis for withholding of removal. *Melgar de Torres v. Reno*, 191 F.3d 307, 314 (2d Cir. 1999).

We also find no error in the agency's denial of Guartazaca's CAT claim. Guartazaca had the burden to show that he will "more likely than not" be tortured by or with the acquiescence of public officials. 8 C.F.R. §§ 1208.16(c)(2), 1208.17(a), 1208.18(a)(1). To assess whether torture is more likely than not to occur, the agency considers "all evidence relevant to the possibility of future torture, including, but not limited to" (1) evidence of an applicant's past torture; (2) evidence that the applicant could safely relocate within the country of removal; (3) evidence of "gross, flagrant[,] or mass" human rights violations in the country of removal; and (4) other relevant information regarding country conditions. *Id.* § 1208.16(c)(3). An applicant "will never be able to show that he faces a more likely than not chance of torture if one link in the chain cannot be shown to be more likely than not to occur. It is the likelihood of all necessary events coming together that must more likely than not lead to torture, and a chain of events

4

cannot be more likely than its least likely link." *Savchuck v. Mukasey*, 518 F.3d 119, 123 (2d Cir. 2008) (quoting *In re J–F–F–*, 23 I. & N. Dec. 912, 918 n.4 (A.G. 2006)).

Substantial evidence supports the denial of CAT relief. Guartazaca's testimony that Ecuadorian gangs extorted and beat him is not sufficient to establish torture. *See* 8 C.F.R. §§ 1208.18(a)(2), (4) (defining torture as an "extreme form of cruel and inhuman treatment" that "does not include lesser forms of cruel, inhuman[,] or degrading treatment" and requiring, in relevant part, "severe physical pain and suffering" or "threat of imminent death"); *Kyaw Zwar Tun v. INS*, 445 F.3d 554, 567 (2d Cir. 2006) ("[T]orture requires proof of something more severe than the kind of treatment that would suffice to prove persecution."). Moreover, evidence of general crime does not establish that someone in Guartazaca's particular circumstances will more likely than not be tortured by gangs in the future, particularly as he alleged that he was targeted previously because he was an adolescent and he is now in his thirties. *See Mu-Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir. 2003) (holding that evidence of incidents of torture in an applicant's country does not alone establish "that someone in his particular alleged circumstances is more likely than not to be tortured" (emphasis omitted)). Given the absence of evidence of torture, the agency did not err in finding his claim speculative. *See Jian Xing Huang v. INS*, 421 F.3d 125, 129 (2d

Cir. 2005) ("In the absence of solid support in the record . . . fear is speculative at best.").

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court
